UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Larry Caldwell,                            Case No. 5:08-cv-151-Oc-10GJK

        Petitioner,

v.                                      **MEMORANDUM AND ORDER**

Attorney General,
State of Florida, et al.,

        Respondents.

_____

This matter is before the Court on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. For the reasons that follow, the Petition is denied.

**BACKGROUND**

In November 2004, Petitioner was found guilty of burglary of a dwelling with battery and of sexual battery, in violation of Florida Statutes §§ 810.02, 784.03, and 794.011(5). He was also found to be a Prison Release Offender and sentenced to life in prison on both counts.

After his conviction, Petitioner filed a notice of appeal to the Florida Fifth District Court of Appeal. Petitioner's public defender submitted a brief but moved to withdraw from the case. Petitioner proceeded pro se and raised two issues on appeal: 1) Whether the court erred when entering judgment because the charges were a violation of the Double Jeopardy clause of the Fifth Amendment; and 2) the sentence on Count 2 was illegal. The Florida Fifth District Court of Appeal affirmed Petitioner's conviction.

In November 2005, Petitioner filed a motion for post-conviction relief, once amended, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. The motion set forth several grounds for relief, all of which alleged ineffective assistance of counsel. The trial court denied the motion in part and ordered an evidentiary hearing. Following an October 2006 evidentiary hearing, the court denied Petitioner's motion in full.

Petitioner, again represented by the Public Defender's Office, then filed notice of appeal with the Florida Fifth District Court of Appeal. In October 2007, the court per curiam affirmed.

The instant Petition for federal habeas relief was filed on April 9, 2008. In his Petition, Petitioner raises three main claims: 1) the trial court erred in denying his motion for judgment of acquittal; 2) his convictions violate double jeopardy; and 3) ineffective assistance of counsel. Petitioner bases his ineffective-assistance-of-counsel claim on counsel's (a) failure to conduct adequate pre-trial investigation, (b) advice on testifying, (c) advise to reject plea offer, (d) failure to make adequate objections at trial, (e) failure to object to improper jury instructions, and (f) failure to object to the admissibility of DNA evidence.

The Government argues that Petitioner has only exhausted his state remedies on claims 1, 2, and 3(a) and (b). As a result, federal habeas review is not available on Petitioner's remaining sub-claims, 3(c), (d), (e), and (f). In addition, Petitioner's other claims have already been denied on the merits. The Government asks that the Petition be dismissed with prejudice.

Petitioner argues that he is entitled to an evidentiary hearing, that Claim 3, sub-issues (e) and (f) are not procedurally barred, and that summary judgment/dismissal of his Petition is inappropriate.

**DISCUSSION**

**I.      Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") strictly limits a federal court's power to review habeas petitions brought by state-court prisoners. In particular, the AEDPA restricts the Court's review to state-court adjudications of the direct appeal or habeas petition that:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The habeas statute also requires that a petition submitted by a person in custody pursuant to a state conviction be filed in federal court within one year from the date the conviction became final, 28 U.S.C. § 2244(d), and that a habeas petitioner exhaust his available state court remedies prior to raising them in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). Generally, claims alleging a violation of state law are not subject to review in federal habeas proceedings. Pulley v. Harris, 465 U.S. 37, 41 (1984); McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992).

## II. Evidentiary Hearing

The Government argues that Petitioner is not entitled to an evidentiary hearing on the instant federal habeas petition. This Court agrees. Indeed,

> a habeas corpus petitioner is entitled to an evidentiary hearing on his claim if he alleges facts which, if proven, would entitle him to relief. A district court, however, need not conduct an evidentiary hearing if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel.

Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citations and internal quotation marks omitted). Petitioner has not alleged facts which, if proven, would entitle him to relief. In addition, as will be explained below, it can be conclusively determined from the record that Petitioner was not denied effective assistance of counsel.

## III. Exhaustion/Procedural Default

The Government argues that federal habeas review is not available for Claim 3, sub-issues (c)-(f). The Government asserts that sub-issues (e) and (f) are barred from review because the lower court never addressed them and therefore these sub-issues have not been exhausted. The Government also argues that because Petitioner failed to assert sub-issues (c) and (d) on appeal, these two sub-issues are procedurally defaulted. For the reasons that follow, the Court finds that sub-issues (e) and (f) are appropriate for habeas review because they have been exhausted; however, sub-issues (c) and (d) are procedurally barred and therefore the Court will not address them.

### A. Exhaustion

Pursuant to 28 U.S.C. § 2254(b), a court may not grant a writ of habeas corpus on behalf of a person in state custody unless the petitioner has exhausted his remedies in state court. See Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998). "Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Id. (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)); see also Leon v. Sec'y, Dept. of Corr., No. 8:09-cv-1410, 2011 WL 3467128, at *2 (M.D. Fla. Aug. 31, 2010).

In the current matter, Petitioner raised sub-issues (e) and (f) in his Amended Motion for Postconviction Relief. (App. I at 35-39). These sub-issues, however, were never addressed in the state court's Order Denying Petitioner's Post Conviction Motion. (App. I at 127-40). It is the Government's position, then, that these sub-issues are not exhausted.

The Court disagrees. Petitioner's sub-issues (e) and (f) were clearly laid out in his Amended Motion for Postconviction Relief. (App. I at 35-39). Moreover, they are also connected to a federal constitutional issue as they were a sub-issue of his ineffective-assistance-of-counsel claim. See Snowden, 135 F.3d at 735 ("The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim.'") (quoting Anderson v. Harless 459 U.S. 4, 6 (1982))). Therefore, Petitioner did exhaust sub-issues (e) and (f) and habeas review of these sub-issues is appropriate.

    **B.**    **Procedural Default**

The Government next argues that Petitioner waived sub-issues (c) and (d) because he did not raise them on appeal. As a result, Petitioner has procedurally defaulted on these sub-issues and federal habeas review of these issues is inappropriate. Petitioner, conversely, contends that he has not procedurally defaulted on these sub-claims because, even though he did not raise them on appeal, sub-issues (c) and (d) were properly brought before the state court in his Postconviction Motion.

Petitioner did not raise sub-issues (c) and (d) in his brief appealing the trial court's denial of his Postconviction Motion. (App. L at 9-15). Consequently, sub-issues (c) and (d) are not ripe for federal review. See Rodwell v. Singletary, 114 F. Supp. 2d 1308, 1312 (M.D. Fla. 2000) (stating that, in a habeas proceeding, "failure to appeal the denial [of a claim] results in a procedural default"); see also Smith v. Jones, 923 F.2d 588, 588 (8th Cir. 1991) (claims stated in post-conviction motion and not appealed were procedurally barred in subsequent habeas proceedings).

However, claims that are subject to procedural default can be addressed by the Court if Petitioner can demonstrate "cause for, and prejudice resulting from, the default." Jones, 923 F.2d at 589 (citing Murray v. Carrier, 477 U.S. 478, 485 (1986)). Petitioner has not alleged either cause or prejudice that would excuse the default. Therefore, the Court finds that Petitioner has defaulted on sub-issues (c) and (d) of Claim 3.

**IV.     Summary Judgment/Dismissal**

The Government requests that the Court dismiss with prejudice the instant Petition. Dismissal is appropriate when it plainly appears from the face of the Petition that Petitioner is entitled to no relief.  See 28 U.S.C. § 2254.  In the instant matter, claims 1, 2 and 3, sub issues (a), (b), (e), and (f) are ripe for federal review.

   **A.     Claim One: Judgment of Acquittal**

Petitioner first argues that the State failed to present sufficient evidence to prove each and every element of the substantive offense charged.  In a federal habeas matter, the state court's factual findings are presumed correct unless rebutted by the Petitioner with clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); Rutherford v. Crosby, 385 F.3d 1300, 1306 (11th Cir. 2004).  Clear and convincing evidence is an intermediate standard that "'does not call for the highest level of proof,' but it must demonstrate . . . a 'high probability' that the state court's factual findings are unreasonable."  Whitten v. McDonough, No. 04-CV-2352-T, 2008 WL 126593, at * 6 (M.D. Fla. Jan. 10, 2008) (citing Callahan v. Campbell, 427 F.3d 897, 926 (11th Cir. 2005); United States v. Owens, 854 F.2d 432, 435-36 (11th Cir. 1998)).

 In the instant matter,  Petitioner has presented no evidence to rebut the state's factual findings.  Therefore, Petitioner has failed to meet the clear and convincing evidence standard necessary to show with a "high probability" that the court's factual findings were unreasonable. The substantial evidence presented against Petitioner at trial, coupled with the fact that Petitioner's conviction was per curiam affirmed on appeal, demonstrate that the

State did present sufficient evidence to prove the elements of burglary of a dwelling with battery and sexual battery, the two substantive charged offenses. Petitioner is entitled to no relief on Claim 1.

### B.     Claim Two: Double Jeopardy

Next, Petitioner alleges that his convictions for both burglary of a dwelling with battery and sexual battery violate the Double Jeopardy Clause of the Fifth Amendment. As one of its three separate protections, the constitutional guarantee against double jeopardy "protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969).

"[T]o determine whether a single criminal incident may be cumulatively punished under separate statutory provisions," the Court applies the well-known test from Blockburger v. United States, 284 U.S. 299 (1932). Williams v. Singletary, 78 F.3d 1510, 1513 (11th Cir. 1996).[1]  The Blockburger test "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offen[s]e' and double jeopardy bars additional punishment and successive prosecution." United States v. Dixon, 509 U.S. 688, 696 (1993). The crime of sexual battery includes an element not included in first degree burglary with a battery: sexual contact.

---

[1] The Williams court also discussed the necessity of inquiring into the legislature's intent, because a legislature may constitutionally decide to prescribe cumulative punishments for a single incidence of criminal behavior. Williams, 78 F.3d at 1512. After Williams, however, the Florida legislature adopted the Blockburger test through the exceptions to the rules of construction in Fla. Stat. § 775.021(4)(b). See Galin v. Sec'y, Dep't of Corr., No. 8:08-cv-254, 2011 WL 899563, at *15 (M.D. Fla. Mar. 15, 2011) (applying only Blockburger test in double-jeopardy analysis). Thus, the only relevant test is the Blockburger "same-elements" test.

8

The Florida Supreme Court used the Blockburger test and arrived "at the conclusion that first degree burglary and sexual battery could be separately and cumulatively punished." Wicker v. State, 462 So. 2d 461, 463 (Fla. 1985). Additionally, the Fifth District has upheld dual convictions for sexual battery and burglary with a battery stemming from the same sexual battery. Young v. State, 762 So. 2d 595 (Fla. 5th Dist. Ct. App. 2000). A conviction for both burglary with a battery and sexual battery does not violate the Double Jeopardy Clause and Petitioner is entitled to no relief on Claim 2.

### C. Claim Three: Ineffective Assistance of Counsel

Petitioner's final claim is for ineffective assistance of counsel. As mentioned, there are six sub-issues to this argument. Sub-issues (c) and (d) are procedurally barred. Sub-issues (a), (b), (e), and (f) are addressed below and for the reasons that follow, Petitioner is entitled to no relief on any of these sub-issues.

To establish his claim for ineffective assistance of counsel, Petitioner must demonstrate that his defense counsel's performance was deficient, that it "fell below an objective standard of reasonableness," and that it prejudiced his case. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

#### 1. Sub-Issue (a): Failure to conduct adequate pre-trial investigation

Petitioner argues that he was denied effective assistance of counsel because his defense attorney failed to conduct an adequate pre-trial investigation. Specifically, Petitioner argues that several witnesses should have been interviewed and called to testify and that the substance of their testimony would have supported Petitioner's defense theory.

Petitioner's defense counsel and counsel's investigator both testified that they were unable to locate the alleged witnesses because Petitioner never gave specific names and that he only knew their street names. In addition, Petitioner testified at trial that all the witnesses had moved and he did not know how to reach them. (App. A at 183.) Given the insubstantial nature of the information Petitioner gave to defense counsel, defense counsel's performance did not fall below an "objective standard of reasonableness." Strickland, 466 U.S. at 688. Petitioner has failed to demonstrate he was denied effective assistance of counsel on this sub-issue.

### 2.     Sub-Issue (b): Misadvice on Testifying

Petitioner next claims that he received ineffective assistance of counsel when his defense attorney advised him that if he testified, the jury would only find out how many prior convictions he had and not the nature of the convictions. (App. I at 28.) Defense counsel testified at the evidentiary hearing that the decision to bring out the nature of the prior convictions was a strategy that was discussed with Petitioner prior to the trial and that Petitioner agreed with pursuing that strategy. (App. J at 54-55, 96-99.) Moreover, Petitioner was adamant about testifying, and because Petitioner's prior convictions would be exposed on cross-examination, defense counsel thought it best that the jury know that the prior convictions were non-violent felonies. (App. J at 55, 95, 100.) Defense counsel's strategy to identify past non-violent convictions is a common strategy "designed to avoid a false assumption being made by the jury that Defendant's prior convictions were for similar crimes

or more aggravating crimes." Anderson v. Sec'y of Fla. Dep't of Corr., No. 08-CV-83-J, 2011 WL 794842, at *18 (M.D. Fla. March 1, 2011).

Petitioner has not attempted to argue that Defense counsel's strategy was unreasonable and that Petitioner suffered prejudice as a result. "Even if in retrospect the strategy appears to have been wrong, the decision will be held ineffective only if it was so patently unreasonable that no competent attorney would have chosen it." Adams v. Wainright, 709 F.2d 1443, 1445 (11th Cir. 1983). Defense counsel used a reasonable and common strategy in an attempt to prevent jury prejudice stemming from petitioner's previous convictions; such "reasonable tactical decisions cannot form a basis for a claim of ineffective counsel." Porter v. Dugger, 805 F. Supp. 941, 945 (M.D. Fla. 1992). Petitioner has failed to show that prejudice resulted from the tactical decision of defense counsel and that such a tactical decision was unreasonable enough to form a basis for a claim of ineffective counsel. Petitioner is not entitled to relief on sub-issue (b).

### 3. Sub-issue (e): Failure to Object to the Court Giving an Improper Jury Instruction

Petitioner also argues that he was denied effective assistance of counsel because his defense attorney failed to object to the court giving an improper jury instruction. Defense counsel did not object to the jury instruction given in accordance with Florida Standard Jury Instructions in Criminal Cases § 810.07. Section 810.07 states that proof of stealthily entering a structure at any time without consent of the owner or occupant is prima facie evidence of entering with the intent to commit an offense. L.S. v. State, 464 So. 2d 1195,

1195 (Fla. 1985). Petitioner argues that this jury instruction was improper because Petitioner was charged with burglary of a dwelling with battery and, therefore, the prosecution had to prove intent to commit the specific offense of battery and could not rely on § 810.07.

But listing a specific offense does not preclude the use of the presumption-of-intent statute because, "when the state charges that the defendant did intend to commit a specific offense after the breaking and entering, it may avail itself of section 810.07." Id at 1196. Petitioner's intent to commit the specific crime of battery is irrelevant; Petitioner entered the home of another stealthily and without permission which was enough to conclude that Petitioner had the intent to commit battery as well as burglary. Therefore, defense counsel did not provide inadequate assistance for failure to object to the presumption-of-intent jury instruction. Petitioner is not entitled to relief on sub-issue (e.)

### 4.   Sub-issue (f): Failure to object to admissibility of DNA evidence

Petitioner last argues that he was denied effective assistance of counsel because his defense attorney failed to object to the admissibility of DNA evidence. In his Postconviction Motion, Petitioner raised a chain-of-custody argument. Petitioner argues that defense counsel should not have agreed that the chain of custody was established and that defense counsel would not object to the admissibility of the DNA evidence.

Petitioner's argument that defense counsel should have objected to the admission of the DNA evidence and raised the chain-of-custody defense is without merit. Petitioner failed to show that the chain of custody was even at issue. The state is "not required to establish

a complete chain of custody where the record does not demonstrate that there was a probability of tampering with the evidence." Garcia v. State, 873 So. 2d 426, 427 (Fla. Dist. Ct. App. 2004). Additionally, "[to] bar the introduction of otherwise relevant evidence due to a gap in the chain of custody, a defendant must show that there was a probability of tampering with the evidence. A mere possibility of tampering is insufficient." Davis v. State, 788 So. 2d 308, 310 (Fla. Dist. Ct. App. 2001). Petitioner has offered no grounds for believing that the evidence was tampered with and that defense counsel should have raised the chain-of-custody issue.

Furthermore, the DNA was properly obtained under Florida Statutes § 943.325(1)(a), which requires DNA testing for certain violent offenders including those who have been convicted of any offense in chapter 800 of the code. Petitioner's offense falls within the § 810.02 definition of burglary and therefore he properly submitted DNA as required by statute.

Petitioner has not presented sufficient evidence that there was a probability of evidence tampering that would require the prosecution to prove a chain of custody. Petitioner has also not presented any evidence that the DNA was taken unlawfully. The evidence was admissible and there was no indication that the evidence had been tampered with; raising the chain-of-custody issue would have proven futile. Therefore, Petitioner is not entitled to relief on sub-issue (f).

    **D.**    **Certificate of Appealability**

An individual seeking to appeal a final order in a proceeding under 28 U.S.C. § 2254 must first secure a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1); Fed. R. Governing § 2254 Cases in the U.S. District Courts 11(a). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Davis v. Terry, 625 F.3d 716, 717 (11th Cir. 2010). "To satisfy this standard, a petitioner must show that it is debatable among reasonable jurists that the district court's assessment of the claim was wrong." Davis, 625 F.3d at 717 (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

In this case, Petitioner is entitled to a COA for Claims 1 and 2 because both claims may be debatable among reasonable jurists. Petitioner is also entitled to a COA for all sub-issues of Claim 3 except sub-issues (c) and (d), which were procedurally defaulted due to Petitioner's failure to appeal the denial of those sub-issues.

## V.   CONCLUSION

For the foregoing reasons, the Court determines that the Petition for a Writ of Habeas Corpus must be denied.  Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**;

2. This action is **DISMISSED WITH PREJUDICE**; and

3. Petitioner is **GRANTED** a Certificate of Appealability on Claims 1 and 2, as well as Claim 3 on sub-issues (a), (b), (e), and (f).

**The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.**

Dated: <u>Monday, July 18, 2011</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
